## Kentucky & Tennessee Railway Company v. West.

(Decided October 14, 1914.)

### Appeal from McCreary Circuit Court.

1. Railroads—Passenger—Injury to From Collision of Trains—Damages For—When Not Excessive.—In an action by a passenger against a railroad company to recover damages for injuries sustained by a collision of trains caused by its negligence, a verdict awarding him $275.00 is not excessive where is is made to appear that, though the injuries sustained were in the main slight, yet one of them, a contusion on the head back of an ear, produced some deafness in that ear that will probably become permanent and complete.

2. Damages—When Verdict For Will Not be Reversed For Excessiveness.—Although a verdict may at first blush seem out of proportion to the injury received, yet it will not afford cause for reversal, unless it is, in amount, so grossly excessive as to exceed the bounds of reason or to appear to have been the result of passion or prejudice on the part of the jury.

J. N. SHARP for appellant.

R. L. POPE, J. E. STEPHENS and W. F. HINKLE for appellee. .

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellee, W. C. West, recovered against the appellant, Kentucky & Tennessee Railway Company, in the court below, a verdict and judgment for $275.00, by way of damages for injuries sustained to his person in a head-end collision between two trains on appellant's railroad, on one of which he was a passenger. The recovery was had on the ground that the collision of the trains and appellee's consequent injuries were caused by the negligence of appellant and its servants, of which the evidence in the record leaves no doubt. Appellant complains of the judgment and asks its reversal upon the grounds that no injury was sustained by appellee, and that the verdict was unauthorized by the evidence and excessive in amount.

There was sufficient evidence to show that the appellee sustained some injury in the collision of the trains. According to the evidence the force of the collision was so great as to break up and cripple some of the cars in each of the colliding trains; that in the coach in which the appellee was a passenger the glass in several of the windows was broken, the stove therein, near which ap-

pellee was sitting, was torn from its fastenings and thrown down, and that its frame or some part thereof struck appellee upon the left arm, shoulder, face and on the head immediately behind one of his ears. He testified that in addition to being struck by the stove he was thrown from his seat to the floor and rendered unconscious by the shock of the collision, that he suffered great pain from the bruises on his face and hurts received to his head, shoulder and arm; that after reaching his home he was treated by a physician, who dressed his wounds and attended upon him for several days; and that for five or six weeks his injuries were such as to prevent him from following his usual avocation, during which time his arm was greatly swollen and his hearing, in the ear behind which he received the blow on his head from the stove, was greatly impaired, which impairment of hearing has since increased to such an extent as to produce, as claimed, permanent deafness in that ear. These statements of appellee were corroborated by his daughter, a member of his family.

It is true that three physicians introduced in behalf of the appellant testified that from their examination of the appellee, before the trial, they were unable to discover any ill effects from the injuries he sustained in the collision or any serious impairment of his physical powers. All three of the physicians admitted, however, that there appeared to be some deafness in one of the ears of appellee, which could have been caused by a blow received on the head, behind the ear, such as appellee claimed to have suffered at the time of the collision of the trains, but whether the deafness in that ear was or would be permanent the physicians could not say.

The foregoing evidence from the physicians was doubtless insufficient in the estimation of the jury to overthrow that of appellee and his daughter with reference to the character and extent of his injuries, and it was the province of the jury to pass upon the weight and sufficiency of the evidence as a whole and to accept that of appellee and his daughter, rather than that of the physicians, as the truth of the matter, and we are not disposed to interfere with the verdict. Although a verdict may at first blush seem out of proportion to the injury received, yet it will not afford cause for reversal unless it is, in amount, so grossly excessive as to exceed the bounds of reason or to appear to have been the result of passion or prejudice on the part of the jury. Lou.

& Interurban R. Co. v. Roemmele, 157 Ky., 84; Lynch v. Sneed Iron Wks., 132 Ky., 241; Empire Coal & Mining Co. v. McIntosh, 82 Ky., 334.

No reason being shown by the record for disturbing the judgment it is affirmed.